UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE DOE RUN RESOURCES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   4:16CV585 CDP |
| THOSE CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NUMBER PRPNA1300417, et al., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF REMAND

On April 26, 2016, defendants Ironshore Insurance Ltd. and Allied World Assurance Company, Ltd., removed this cause of action from state court.   Ironshore and Allied World invoked this Court's federal question jurisdiction, averring that plaintiff's claims against them are subject to written arbitration agreements that fall under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, which, by its terms, provides for removal of such actions to federal court. 9 U.S.C. §§ 203, *et seq.*   They assert no other basis for federal subject-matter jurisdiction.[1]

---

[1] Eight other parties are named as defendants to this cause of action, but none has yet entered an appearance.   In their Notice of Removal, Ironshore and Allied World aver that plaintiff's claims against these eight remaining defendants are not within this Court's original jurisdiction.

Shortly after the matter was removed to this Court, plaintiff filed a Notice of Voluntary Dismissal, dismissing defendants Ironshore and Allied World without prejudice under Fed. R. Civ. P. 41(a)(1)(A). (ECF 5) Because neither Ironshore nor Allied World has served either an answer or a motion for summary judgment in this case, plaintiff may dismiss these defendants without prejudice without need for stipulation or Court order.

With this dismissal, plaintiff also filed a Motion to Remand, requesting that the matter be remanded back to state court given that, with the dismissal of its claims against Ironshore and Allied World, the only basis upon which federal subject-matter jurisdiction existed in this action no longer applies. No defendant has responded to plaintiff's Motion to Remand, and the time to do so has expired. Upon review of plaintiff's state court petition, the Notice of Removal, and the arguments made in plaintiff's Motion to Remand, I find the motion to be well taken. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claims against defendants Ironshore Insurance, Ltd., and Allied World Assurance Company, Ltd., are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A).

Given that it appears that this Court lacks subject-matter jurisdiction over the remaining claims in this cause of action,

**IT IS FURTHER ORDERED** that plaintiff's Motion to Remand [6] is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is remanded to the Circuit Court of St. Louis County, Missouri, from which it was removed.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of May, 2016.